. LADD *versus* DILLINGHAM & *al.*

In a written contract for the sale of all the stock of goods in an apothecary's store, the spirituous liquors within the store and belonging to the vender are, *ex vi terminorum*, included.

If the vender had no license to sell such liquor, the contract cannot be enforced by him against the vendee.

Upon invoicing the property on such a sale, the making of a separate schedule of the liquors, by direction of both parties, if designed as an evasion of the statute, "restricting the sale of intoxicating drinks," cannot make the contract effectual as to the other goods.

Exceptions cannot be sustained for the wrongful admission of testimony explaining a written contract, if the explanation shows nothing different from the legal import of the contract itself.

ON EXCEPTIONS from *Nisi Prius*, TENNEY, J. presiding.

COVENANT BROKEN.

The parties were apothecaries. Their contract was under seal, in the penal sum of $100. The plaintiff was to sell and the defendants were to buy " all of the stock of goods, wares, medicines, furniture and fixtures and all that appertain thereto, now in" a certain described store. The price was to be paid chiefly in notes, at specified pay-days. An inventory was to be made by which to ascertain the amount of the sale.

The plaintiff had, in the store, a quantity of spirituous liquors, the sale of which was prohibited, except by persons having special license. He offered no proof that he had such a license.

In preparing the inventory, it was agreed by the parties, that a separate schedule should be made of the liquors, which was accordingly done. Still the liquors were inserted in the general inventory, but no price of them was named, and their value was not included in the footing.

While the taking of the inventory was in progress, the defendants stated, that if the trade amounted to more than five thousand dollars, they should not take the goods, but would pay the stipulated penalty.

The amount at the sale price, without including the liquors, was found to be $5792,16, and for that sum the plaintiff de-

Ladd *v.* Dillingham.

manded pay, in the mode fixed by the contract. He, at the same time, exhibited the schedule of the liquors, and told the defendants they might elect whether to take them or not, but that if taken, separate notes must be given for them. The defendants refused to take any of the goods or liquors. This action was therefore brought upon the contract.

A witness for the defendants testified to certain declarations made by the plaintiff prior to signing the contract, tending to show that he designed to include the liquors in the sale. To the introduction of this evidence, the plaintiff objected. The witness testified, that the plaintiff repeated the same declarations after the contract was signed, and while the taking of the inventory was in progress.

The plaintiff inquired of a witness " what was said as to the liquors, before or at the signing of the contract." This inquiry, being objected to, was ruled to be inadmissible.

Other testimony was introduced by each party upon the question, whether the liquor was regarded by both parties as embraced in the written contract.

The Judge instructed the jury, that if there were prohibited liquors in the store with the other goods, the language of the contract applied to and embraced them, and was therefore in violation of law, and that no action could be maintained upon it ; that, however, if the parties did not *intend*, that the contract should embrace them, and did not treat them as coming within its meaning, but made another and distinct contract for them, under which the account was taken, the contract might be upheld ; but that, if an account of the liquors was taken under the written contract, the fact that they were eventually placed upon a different invoice from that containing the other goods, could not make the contract legal. The verdict was for the defendants, and the plaintiff excepted.

*J. & M. L. Appleton,* for the plaintiff.

*A. Sanborn,* for the defendants.

TENNEY J. — The testimony of witnesses introduced by

the plaintiff, as well as by the defendants, shows that there was in the store referred to in the contract, and constituting a part of the stock of goods, which was the subject thereof, certain spirituous liquors of American manufacture; and that an account of the same was taken promiscuously with the other goods, when the parties were present, though they were afterwards transferred and entered upon a separate invoice by the direction of both.

The case shows no denial to have been made by the plaintiff, that the liquors were a part of the goods belonging to him and in the store.

The plaintiff did not rely upon any license to make sale of spirituous liquors; and one ground of defence was, that the written contract was invalid, because it was partly for the sale of articles which could not be legally sold. The plaintiff contended, that the spirituous liquors were the subject of another and a verbal contract, and that the consideration was to be paid in promissory notes, separate and distinct from those to be given for the remaining portion of the goods.

It appears by the case, that a witness called by the defendants, stated that he heard a conversation between the parties in relation to the penalty in the contract. The plaintiff objected to all conversation before the contract was signed. The witness testified that the plaintiff said there would be liquors to the value of $400 or $500. The defendant, Dillingham, told the plaintiff he had better take the liquors out, he might take advantage of the law; the plaintiff said he would risk that. The witness then stated, that this was before and after the contract.

Assuming that the objection extended to this testimony, has the plaintiff been injured by its introduction? It is only so far as the conversation took place before the execution of the contract, that we are called upon to consider, whether it was proper or otherwise, no objection having been interposed, to the conversation which occurred afterwards.

On the question, whether the sale of the liquors was under the written contract, the conversation detailed by the witness,

Ladd *v.* Dillingham.

which took place after the agreement to sell all the goods was executed, was not incompetent, and might have had an important influence upon the minds of the jury. If the parties were attempting at the time they took an account of the goods to evade the statute of 1846, c. 205, "to restrict the sale of intoxicating drinks," when they really designed that the transfer should be by virtue of the written contract ; such an attempt could not avail them ; the law was effectual against the forms intended to conceal the substance.  The defendants were entitled to the conversation of the parties, as it occurred while they were making schedules of the goods, and it could not have been excluded, for the reason that a similar conversation took place before the contract was signed.  On request, the Judge could have instructed the jury, that the conversation before the contract was made, would not influence their minds, if it was incompetent.  This request was not made, and it does not appear, by the statement of the witness, that the conversation first heard by him was responsive to the defendants' inquiry.

If the conversation of the parties, when together, before the written contract was complete, had any tendency to give it a meaning less favorable to the plaintiff, than that to be derived from the contract itself, it was clearly incompetent, when introduced in such a manner as to expose him to be so affected.  But if the evidence had no such tendency, he has no cause of complaint, as the verdict against him could not have been the effect of such evidence.  The contract was, that the plaintiff should sell "all the stock of goods, wares, medicines, furniture, fixtures now in the store lately occupied by Joseph E. Ladd, and all that appertain thereto." By the terms of this agreement, all the spirituous liquors in that store was embraced.  And it could acquire no strength by the conversation of the parties stated by the witness, objected to. The fact, that the plaintiff and the defendants treated the liquors in that conversation as belonging to the stock, could have no tendency whatever to give to the written instrument an interpretation against the plaintiff, which would not be

required by its plain, and unambiguous language. And in this view the evidence was not material.

The exclusion of evidence offered by the plaintiff, of statements made at, and before the contract was signed, as to the liquors, is relied upon, as a ground for sustaining the exceptions. The exceptions do not exhibit the facts attempted to be proved. Nothing, which could qualify the meaning of the contract according to the construction to be put upon its language, in favoring the plaintiff, was admissible. We cannot regard the evidence as admissible on any conjectural ground of its import.

The instruction to the jury treated the contract as invalid if it was designed by the parties to make a sale, in any respect illegal by the laws of the State. Although the instrument, by its terms, was for a sale of the liquors with other goods in the store, yet if the parties did not regard them as coming within the contract afterwards, the jury were authorized to hold the contract valid and binding. This was clearly favorable to the plaintiff. And the instruction, that if the account of the liquors was taken under the written contract, and the parties regarded them as falling within its meaning, and the action for a breach of the covenant therein, could not be maintained, was not erroneous. Upon satisfactory evidence of the truth of the affirmative of this issue, the plain meaning of the written agreement was carried out.

In the opinion of a majority of the Court, the exceptions should be overruled.